IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DAVID Q. WEBB** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:22-cv-00008-JMC |
| **MICHAEL KLINE** *et al* | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

This case is before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). (ECF No. 25). *Pro se* Plaintiff has filed a "Motion to Disqualify" the undersigned from all future proceedings. (ECF No. 33). The Court has reviewed and considered the Motion, and finds no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Plaintiff's Motion to Disqualify is DENIED.

I.     **BACKGROUND**

Plaintiff commenced this action on January 4, 2022, against Defendants alleging racial discrimination based on an encounter in a public parking lot adjacent to a local park. (ECF No. 1). At the time of filing, the Complaint named three of four Defendants, the unidentified fourth Defendant given the name "John Doe." *Id.* Counsel for the three named Defendants entered his appearance on January 31, 2022, and requested to file a preliminary motion in accordance with the Court's Case Management Order. (ECF Nos. 6, 8, 10). This Court denied Defendants' request in a Paperless Order explaining that the request did not "present exigent circumstances for the Court to consider a preliminary motion prior to consent to proceed before a Magistrate Judge or reassignment to a District Judge." (ECF No. 13).

On February 22, 2022, Plaintiff filed a correspondence with the identity of the fourth Defendant, which replaced the temporary "John Doe" name. (ECF Nos. 21 and 26). Counsel for the previously-named Defendants subsequently entered his appearance on behalf of the newly-named Defendant. (ECF No. 22). Shortly thereafter, the Clerk's office issued a Paperless Order indicating that all parties had consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 25).

Plaintiff filed his executed summons with the Court on various dates. (ECF Nos. 19 and 20). Based on the execution of summons, three Defendants were to respond to the Complaint in mid-February. *Id.* On March 4, 2022, Plaintiff filed a Motion for Clerk's Entry of Default, Motion for Default Judgment, and Motion for Sanctions. (ECF Nos. 27, 28, 29). Plaintiff's motions for default were predicated on Defendants' overdue answer to the Complaint. (ECF Nos. 27 and 28). Plaintiff's Motion for Sanctions noted that this Court "ignored" its "duty" to issue a show cause order, but centrally focused on Defense counsel's request to file a preliminary motion before all parties consented to proceed before a Magistrate Judge. (ECF No. 29). That motion argued that Defendants' request caused unnecessary delay, emphasizing Defense counsel's work history and years of experience in effort to highlight that counsel should have entered his appearance for the remaining Defendant so that the case would proceed forward. *Id.* at 3. That same day, Defendants filed a Motion for Extension of Time to respond to Plaintiff's Complaint, citing to the "usual exigencies to the practice of law" and stating that Plaintiff would not be prejudiced by the additional time. (ECF No. 30).

Given the early posture of the case, and without executed summons to the now-named Defendant Michael Kline, this Court granted Defendants' extension of time to respond to Plaintiff's Complaint. (ECF No. 31). That extension of time consequently rendered Plaintiff's

motions for default and sanctions procedurally improper, and the motions were denied. (ECF No. 31). A few days later, on March 7, 2022, Plaintiff returned executed summons for the recently-identified Defendant with an answer due on March 17, 2022. (ECF No. 32). The next day, Plaintiff filed the instant "Motion to Disqualify U.S. Magistrate Judge." (ECF No. 33). That same day, Plaintiff filed a response in opposition to Defendants' previously-granted motion for extension of time. (ECF No. 34). Plaintiff also filed a motion for judgment on the pleadings. (ECF No. 35). In addition, two days later, Plaintiff filed a notice of interlocutory appeal, informing the Court that he had appealed this Court's decision to grant Defendants' motion for extension of time and correspondingly deny Plaintiff's default motions. (ECF Nos. 37-39). Accordingly, parts of this case were on appeal with the Fourth Circuit. *Id.* The Fourth Circuit subsequently dismissed Plaintiff's claim because it was not based on a final, interlocutory, or collateral order that could be appealed. (ECF No. 44).

The instant motion contends that the undersigned should be recused specifically because a show cause order was not entered in response to Defense counsel's request to file a preliminary motion, and generally because this Court is "familiar" with Defense counsel. (ECF No. 33 at 4-5). Plaintiff further argues that this Court's Order extending Defendants' time to respond to the Complaint "provided absolutely no due process" as it did not allow Plaintiff the opportunity to respond in opposition. *Id.* at 6-7. For the reasons that follow, Plaintiff's "Motion to Disqualify" is DENIED.

## II. LEGAL ANALYSIS

First and foremost, "[t]he Court is mindful of its obligation to construe liberally the filings of a pro se litigant, which are held to less stringent standards than filings drafted by an attorney." *Moody v. Baltimore City Dept of Soc. Servs. Maryland*, 2018 WL 1942177, at *1 (D. Md. Apr. 25,

3

2018). Substantively, 28 U.S.C. § 144 and 28 U.S.C. § 455 provide the statutory bases for recusal of a federal judge. Under 28 U.S.C. § 144, a judge should be recused when a party sufficiently alleges by affidavit "that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party." "Recusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge ... is too high to be constitutionally tolerable.'" *Moody*, 2018 WL 1942177, at *2 (quoting *Rippo v. Baker*, 137 S.Ct. 905, 907 (2017) (per curiam)).

28 U.S.C. § 455 states that a judge should "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." An objective standard is used to determine whether a judge is impartial. The standard "is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *Demery v. McHugh*, No. PWG-13-2389, 2015 WL 13049184, at *2 (D. Md. Oct. 23, 2015), *aff'd*, 641 F. App'x 263 (4th Cir. 2016) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)) (internal citations omitted). "The judge's purported 'bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge.'" *Sweitzer v. McGuinn*, No. CV GLR-17-1741, 2017 WL 4516711, at *3 (D. Md. Oct. 10, 2017) (quoting *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011)). The statute also enumerates circumstances in which partiality is assumed and a judge shall disqualify himself: where he has personal bias or knowledge of disputed facts of the case; where he previously served as a lawyer in the matter; where he or his spouse has a fiduciary interest in the matter; where he or his spouse has a close relationship with a person involved in the matter. 28 U.S.C. § 455(b).

Construed liberally, Plaintiff conflates the statutory bases for recusal and falls short of advancing arguments grounded in either legal theory. Before turning to the content of Plaintiff's

Motion, the Court first notes that Plaintiff's Motion does not include an affidavit as required for a proper motion under 28 U.S.C. § 144. Therefore, recusal under 28 U.S.C. § 144 is procedurally improper. However, even if an affidavit were attached, recusal would still be inappropriate.

In analyzing the express arguments, Plaintiff provides no basis for the undersigned's recusal. None of the enumerated circumstances under 28 U.S.C. § 455(b) in which partiality is assumed are present or argued, and a reasonable person would not have a reasonable basis for questioning the undersigned's impartiality generally. Though not entirely clear, Plaintiff's first argument seems to take issue with the fact that this Court did not issue a show cause order directing Defendants to explain why they violated the Case Management Order in their request to file a preliminary motion. (ECF No. 33 at 5). Contrary to Plaintiff's contention, the Court has no "sua sponte duty" to issue a show cause order. Nonetheless, issuance of a show cause order would have been futile. Under the Case Management Order, parties are explicitly permitted to file a letter requesting permission to file a preliminary motion. (ECF No. 6). Upon receipt of that permitted letter here, the undersigned rejected Defendants' request to file a preliminary motion, notably stating that Defendants provided no exigent circumstances to bypass the requisite steps to proceed before a Magistrate Judge. (ECF No. 13). Furthermore, this Court even stated that it expressed "no opinion on the merits of Defendants' request." *Id.*; *see Demery*, 2015 WL 13049184, at *3 (no prejudice where a Judge "neither formed nor offered any opinion as to the merits of the case that was before [him]").

Plaintiff's second argument flatly purports that this Court is familiar with Defense counsel. *Id.* at 5. Such contention is not true, and even if it were, there is no statutory or otherwise legal basis to recuse a judge based on their "familiarity" of counsel. Plaintiff advances this argument further in his third point, which boasts Defense counsel's legal background and training as

5

evidence that his "violation" of the Case Management Order is inexcusable. *Id.* Given Plaintiff's *pro se* status, the Court construes this argument as elaboration and continuation of Plaintiff's first non-meritorious argument.

Lastly, Plaintiff argues that the Court's "expedited" Order granting Defendant more time to answer the Complaint precluded him of "due process" to respond to Defendants' motion, which therefore "would give a reasonable person pause as to the Court's bias" toward Plaintiff. (ECF No. 33 at 7). Plainly, an extension of time does not support a finding of bias in this case, and the extension was requested and granted for good cause. At the time of ruling, summons had not been returned as executed for the late-named Defendant, so the deadline for that Defendant's answer was not confirmed. A review of the docket shows that the other remaining Defendants were represented by the same counsel. A letter submitted by counsel indicates that there were issues with consent forms— issues that are not visible to the undersigned in accordance with this Court's pilot program which assigns cases to Magistrate Judges for all proceedings. (ECF No. 24). To streamline the proceedings in the interest of judicial efficiency, this Court granted Defendants' request to extend the time for Defendants to respond to the Complaint. In no way does such extension exhibit prejudicial behavior on behalf of the undersigned. Extensions of time are routinely granted for good cause, and are especially reasonable given the early posture of this case. Ultimately, none of Plaintiff's arguments present a cognizable claim to recuse or disqualify the undersigned from the case.

### III. CONCLUSION

Accordingly, Plaintiff's Motion to Disqualify (ECF No. 33) is DENIED.

/s/
J. Mark Coulson
United States Magistrate Judge
Dated: May 17, 2022