IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID Q. WEBB | * | |
|     Plaintiff, | * | |
| v. | * | Case No. 1:22-cv-00008-JMC |
| MICHAEL KLINE *et al* | * | |
|     Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* Plaintiff David Webb, a frequent litigant in various courts around the country, brings this civil rights action against town officials and local police officers for North East, Maryland, based on a police encounter in a public parking lot adjacent to a local park. (ECF No. 1). Plaintiff has filed various motions that are now pending, including: Motion for Judgment on the Pleadings (ECF No. 35), Motion in Accordance with FRCP Rule 15(c) (ECF No. 49), Second Motion for Judgment on the Pleadings (ECF No. 50), and Motion for Request for Decision (ECF No. 51). Defendants have filed a Motion to Dismiss or for Summary Judgment (ECF No. 40), and Plaintiff responded in opposition (ECF Nos. 42, 43). The Court has reviewed and considered the filings and finds no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Defendants' Motion is GRANTED, and all other pending motions are DENIED.

### I.     BACKGROUND

On October 4, 2020, while parked in the North East Community Park in North East, Maryland, Plaintiff ate lunch in his black SUV marked with Washington State license tags. (ECF No. 42, Ex. 1). Plaintiff says a woman parked her car next to his, they exchanged conversation pertaining to their professional accomplishments, and Plaintiff gave the woman his business card.

(ECF No. 42, Ex. 1). The following day, on October 5, 2020, Plaintiff again sat in his vehicle in the parking lot of the North East Community Park to "work[] on documents." (ECF No. 1 at 16). While doing his work, Plaintiff noticed a woman that "caught [his] professional attention" walking with her friend. (ECF No. 43, Ex. 1). The woman that caught Plaintiff's eye drove away and shortly thereafter Plaintiff observed the friend walk toward her own vehicle. *Id.* Plaintiff exited his vehicle and asked the woman if she could ensure that the first woman received his business card. *Id.* The woman agreed to give her friend Plaintiff's business card, and Plaintiff returned to his vehicle. *Id.*

At some point after this encounter, in the 2:00pm hour, Plaintiff noticed another woman, who was white, sitting in her car staring at him. (ECF No. 1 at 16-17; ECF No. 42, Ex. 1 at 2). Around twenty minutes later, Plaintiff observed an unmarked police car interact with the woman sitting in her car. (ECF No. 42, Ex. 1). After the woman pointed at Plaintiff, the police car pulled behind Plaintiff's car and blocked his exit. *Id.* The police officer, whom Plaintiff identifies as Corporal Wood ("Officer Wood" or "Wood"), exited his vehicle and approached Plaintiff's door to request official identification. *Id.* Plaintiff inquired into Officer Wood's rationale, requesting an explanation for the "invasion of privacy." (ECF No. 1 at 16). Wood replied that obtaining identification was routine, and that the police received a call concerning a suspicious vehicle with Washington State license plates in the park. *Id.* Plaintiff provided his identification and then asked whether sitting peacefully in his car as an African American Male made him suspicious, to which Officer Wood stated that the "vehicle was reported to be handing out business cards." *Id.*

About ten to fifteen minutes later, presumably after reviewing Plaintiff's identification, Officer Wood returned to Plaintiff's car and Plaintiff had a friend on speaker phone. (ECF No. 1 at 16). The friend engaged Officer Wood in various lines of questioning, particularly emphasizing the importance of an unsubstantiated phone call that Wood previously mentioned and Plaintiff's

race. *Id.* at 17. Officer Wood explained that he had received another call alleging suspicious behavior the day prior and that he was simply acting as directed by his supervisor. *Id.* Plaintiff asked Officer Wood for Wood's business card and Officer Wood declined; Plaintiff then asked Officer Wood for his supervisor's name, to which Officer Wood again declined. *Id.*

Plaintiff states that Officer Wood then ordered Plaintiff to exit the park, and Plaintiff informed Wood that he could not leave until Wood moved his parked car. (ECF No. 1 at 17). After Officer Wood moved his vehicle and parked, Plaintiff pulled up beside the Officer's vehicle and asked for the name of his department, and Plaintiff then exited the parking lot around 3:00pm. *Id.* Plaintiff noted that the same woman seen pointing at him an hour earlier remained parked in her car when he exited. *Id.*

Plaintiff subsequently initiated the instant action against Officer Wood, Wood's Supervisor,[1] the Mayor of North East, and the Commissioner of North East. (ECF No. 1). Plaintiff seeks monetary relief under 42 U.S.C. § 1983 for alleged violations of various constitutional rights and "similarly situated Maryland State Constitutional Civil Rights" as a result of his police encounter in the park. *Id.*

Defendants have filed a Motion to Dismiss or for Summary Judgment (ECF No. 40) and argue (1) there are no plausible allegations against the Mayor or Commissioner; and (2) Officer Wood simply did not violate Plaintiff's rights when he spoke with Plaintiff after receiving various phone calls about his behavior. Plaintiff opposes, maintaining that he gave his business cards to women in the park in a non-aggressive way and the resulting police stop was due to his race. (ECF

---

[1] At the time of filing, Plaintiff had not identified Officer Wood's supervisor and named him "John Doe Sergeant" in the interim. Upon belief that his name was Michael Hickey, Plaintiff requested his name be reflected as such on the docket. *See* ECF No. 45 (explaining name change). Defendants' Motion now identifies the relevant sergeant as named Detective Sergeant Stephen Yates. Plaintiff argues that this name discrepancy is at the fault of Defendants' attorney. As explained in the Court's Order (ECF No. 53), the Clerk has replaced the name Sergeant Michael Hickey with Detective Sergeant Stephen Yates.

Nos. 42, 43). The Court finds that Plaintiff's constitutional rights were not violated and therefore his claim will be dismissed as to particular Defendants, and summary judgment will be granted in favor of remaining Defendant Wood.

## II. STANDARD OF REVIEW

Defendants move to dismiss the Mayor, Commissioner, and Detective Sergeant Supervisor from this case for failure to state a claim. Defendants also argue summary judgment in favor of Officer Wood. Plaintiff has similarly responded under Fed. R. Civ. P. 56 and attached affidavits to his opposition(s). As such, the Court is to analyze Plaintiff's claims under both standards as they pertain to the relevant Defendants.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss, the Court considers whether the "complaint...contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must construe factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Rule(12)(b)(6) is not meant to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards*, supra at 243-44.

That said, a court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Veney v. Wyche*, 293 F.3d

726, 730 (4th Cir. 2002) (internal quotation marks omitted). Similarly inadequate are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1989). A complaint need not provide "detailed factual allegations," but it must "provide the grounds of [the plaintiff's] entitlement to relief" with "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Put simply, a complaint must "raise a right to relief above the speculative level." *Id.* "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – 'that that pleader is entitled to relief.'" *Harris v. Dow Chemical Company*, 2020 WL 6874326 \* (D. Md. Nov. 23, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2))).

Generally, in resolving a motion to dismiss, a court considers matters only within the pleadings. If a party presents, and the court considers, matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, Plaintiff has provided various affidavits that allow the Court to develop and understand the factual record. Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party can do so by demonstrating the absence of any genuine dispute of material fact or by showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)). The court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). However, the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F. Supp. 2d 792, 799-800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)). Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330-31 (4th Cir. 1998).

### III. LEGAL ANALYSIS

Plaintiff has failed to set forth facts or allegations that his constitutional rights were violated. 42 U.S.C. § 1983 states that a person acting under the color of law who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." "To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a 'person acting under the color of state law.'" *Kelly v. Miller*, No. CV ELH-20-2531, 2022 WL 2703827, at *18 (D. Md. July 12, 2022) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Plaintiff summarily states that Defendants violated his "freedom of association" in

violation of the First Amendment, falsely imprisoned him in violation of the Fourth Amendment, and violated his equal protection rights under the Fourteenth Amendment based on the police encounter in the parking lot. (ECF No. 1 at 11). Plaintiff cites to various cases but does not develop any of his own arguments. The Court is mindful of Plaintiff's *pro se* status and will construe his filings in the light most favorable to him as the non-moving party. Despite these safeguards, Plaintiff's arguments fail, and Defendant Wood is entitled to judgment as a matter of law.

Plaintiff's First and Fourteenth Amendment arguments are sparse. The First Amendment provides for a "right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984). Although the nature or purpose of Plaintiff's interactions with various women in the park is not entirely clear, Plaintiff was not prevented from engaging in those interactions. Plaintiff was not prevented from handing the first woman who "caught his professional attention" his business card. He was similarly not prevented from asking a second woman to give her friend his business card. The nature of Plaintiff's interaction, if any, with the third woman is unclear, but even assuming no direct interaction with Plaintiff took place as he maintains, there is no information suggesting she wanted to associate with Plaintiff. (In any event, the third woman was not a state actor as required for liability under § 1983.) Plaintiff does not otherwise allege that he attempted or anticipated any other association from which he was prevented by a state actor, such as Officer Wood. While it is true that Officer Wood ultimately asked Plaintiff to leave the park after the third woman's harassment complaint, Plaintiff has not alleged additional facts that would allow the Court to conclude that such request resulted in a violation of Plaintiff's right to association.

The Fourteenth Amendment equal protection clause forbids a state from denying "any

persons within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. To establish an Equal Protection claim, a Plaintiff must show that he was treated differently from those similarly situated, and that such unequal treatment was the result of intentional or purposeful discrimination. *See Morrison v. Garraghty*, 239 F.3d 648, 653-54 (4th Cir. 2001). Similar to Plaintiff's First Amendment conclusory allegation, Plaintiff has failed to provide sufficient facts to support an Equal Protection claim. Plaintiff appears to assert that the white woman who sat in her car parked for over two hours in the same lot as Plaintiff was not also asked to leave the park. (ECF No. 1 at 17). Additionally, Plaintiff alleges that "other vehicles with white citizens" were not approached by the police. *Id.* Despite Plaintiff's *pro se* status, the Court cannot deduce or create a cause of action based on these sparse allegations. There are no allegations that the woman's vehicle or any other vehicle had been parked on two successive days, that she or anyone besides Plaintiff was handing out business cards to people that "caught his [or her] professional attention" or otherwise, or that any other park patron had reported to police her activity or the activity of any occupant of any other vehicle as suspicious.

In short, Plaintiff has failed to allege sufficient facts that he and the reporting woman or any persons occupying any of the other vehicles in the lot were similarly situated as necessary to support a claim for an equal protection violation. Moreover, even if Plaintiff's allegations did establish the first prong of the Equal Protection test, Plaintiff has not alleged any facts in recounting his interaction with Officer Wood that suggested it was based on intentional or purposeful discrimination *by Officer Wood* as required by the second prong. Conversely, Officer Wood's affidavit supplies facts substantiating the basis for his encounter. (ECF No. 40, Ex. 2 at 3). Accordingly, Plaintiff's Fourteenth Amendment claim fails.

Plaintiff's Fourth Amendment argument similarly fails, but for more substantive reasons.

The Fourth Amendment protects from unreasonable search and seizure. U.S. Const. amend. IV. The touchstone of the Fourth Amendment is "reasonableness." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 398 (2006). Reasonableness is analyzed under an objective standard, and a court is directed to consider the government interest "which allegedly justifies official intrusion upon the constitutionally protected interests of the private citizen." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1879, 20 L. Ed. 2d 889 (1968) (quoting *Camara v. Municipal Court*, 387 U.S. 523, 534-35, 536-37 (1967)). "Under well-established doctrine, a police officer may, consistent with the Fourth Amendment, conduct a brief investigatory stop—known as a '*Terry* stop'—predicated on reasonable, articulable suspicion that 'criminal activity may be afoot.'" *United States v. Mitchell*, 963 F.3d 385, 390 (4th Cir. 2020) (quoting *Terry*, 392 U.S. at 30). An officer must be able to point to "specific and articulable facts" to justify an intrusion. *Terry*, 392 U.S. at 30. Specific to the case here, "'police observation of an individual, fitting a police dispatch description of a person involved in a disturbance, near in time and geographic location to the disturbance establishes a reasonable suspicion that the individual is the subject of the dispatch.'" *Mitchell*, 963 F.3d at 391 (quoting *United States v. Lenoir*, 318 F.3d 725, 729 (7th Cir. 2003)).

Officer Wood had a reasonable suspicion that Plaintiff was the subject of two calls concerning unlawful harassment in the park, and therefore the brief investigatory stop did not violate Plaintiff's Fourth Amendment rights. The North East Police Department received complaints about an individual with a black SUV and Washington State license plates harassing women at the park. (ECF No. 40, Ex. 1 at 2). Officer Wood surveyed the scene and identified the subject vehicle, and with reasonable suspicion of criminal activity, approached Plaintiff's car and asked for identification. The encounter was brief and only lasted as long as was necessary – Plaintiff inquired about his stop, Officer Wood checked Plaintiff's license and registration, Officer

Wood notified Plaintiff about the calls, and Plaintiff initiated a call with a friend who, in turn, also questioned Officer Wood. It was reasonable for Officer Wood to approach Plaintiff about the alleged harassment because his car matched the description from the calls and because another park patron pointed him out to Officer Wood. Furthermore, Plaintiff has admitted to distributing business cards to women in the park on the dates that the officers received calls, but now seemingly takes issue with the characterizations of those encounters. When Plaintiff asked Officer Wood to move his vehicle at the end of the encounter, Officer Wood did so. As it relates to a Fourth Amendment *Terry* stop, an officer need only have an articulable suspicion; here, those phone calls alleging harassment amount to a level of objective reasonableness, regardless of the callers' unknown intentions and description of the events as "aggressive." Accordingly, summary judgment in Defendant Wood's favor is appropriate.

The remaining Defendants will be dismissed from the suit. "It is insufficient to show that subordinates of a sued official deprived plaintiff of his rights, as the doctrine of *respondeat superior* does not apply to § 1983 cases." *Id.* (*citing Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004)). "If plaintiff has not alleged any personal connection between a defendant and a denial of constitutional rights, the claim against that defendant must fail." *Id.* at *19. Because Plaintiff has failed to allege that Officer Wood violated his constitutional rights, there is no law or rationale that would allow for recovery against the remaining Defendants. Even had Plaintiff provided facts sufficient to allege any violation of his constitutional rights, his claims still fail as a matter of law because, as noted above, *respondeat superior* does not apply in § 1983 cases. In other words, Plaintiff has not plead "more than labels and conclusions" sufficient to surpass a motion to dismiss. Further, to the extent that Plaintiff asserts the town of North East has a pattern of discriminatory behavior, this particular suit does not provide for the proper forum to air such complaints as there

are no specific facts alleged to support such a claim.

Because the Court finds that dismissal and summary judgment in favor of Defendants are appropriate, Plaintiff's remaining pending motions (ECF Nos. 35, 49, 50, 51) are DENIED as MOOT.

## IV.     CONCLUSION

Accordingly, Defendants' Motion to Dismiss or for Summary Judgment is GRANTED. A separate Order follows.

_____/s/_____
J. Mark Coulson
United States Magistrate Judge
Dated: August 26, 2022